## VIRGINIA HARPER *v.* ALBERT PIERCE.

The vendor of a slave by a notarial act, duly recorded, having subsequently sold the same slave by act under private signature to a second vendee, in a suit by the first vendee against the second vendee to recover possession of the slave—*Held:* That evidence having been received without objection to show that the vendor remained in possession of the slave down to the date of the second sale, the testimony of witnesses was admissible to prove that the price of the first sale had not, in fact, been paid, notwithstanding the enunciation in the bill of sale to that effect.

APPEAL from the Sixth District Court of New Orleans, Howell, J. *Mott & Fraser*, for plaintiff. *T. N. Peirce*, for defendant and appellant.

BUCHANAN, J. On the 19th June, 1849, *David Kinney* sold, by notarial act, in New Orleans, to the minor *Prieur Sidney Harper* (otherwise called *Sidney Prieur Harper*), represented by his father *Henry S. Harper*, a mulatto boy slave named *John*, aged about eleven years, for the price of five hundred dollars, cash, to him in hand paid, the receipt whereof was acknowledged by the seller.

This act of sale was recorded in the office of the Register of Conveyances in New Orleans, the residence of seller and purchaser, on the 25th April, 1850.

On the 9th May, 1850, the same *David Kinney* sold, by act under private signature, to *Thomas J. Frisby*, the same mulatto boy slave *John*, for the price of six hundred dollars " cash paid."

This suit was brought on the 29th November, 1855, by the mother and natural tutrix of the minor *Sidney Prieur Harper*, against a vendee of *Frisby*, to recover the mulatto boy *John*, as the property of said minor.

The defendant has cited in warranty his vendor *Frisby*; who has cited his own

vendor *Kinney ;* who appeared and defended the suit, on the ground that the sale by himself to the minor *Harper* was without consideration and null and void. After *Kinney's* answer filed, the defendant *Pierce* filed a supplemental answer, in which he specially denied that any consideration passed from the minor *Harper* to *Kinney* for the sale of the 19th June, 1849, and that the slave *John* was ever delivered under said conveyance ; that the same was simulated, fraudulent and null and void in respect to the creditors of *Kinney,* and *bona fide* purchasers from *Kinney* for a valuable consideration.

*Kinney* subsequently withdrew his defence to the action ; acknowledged the justice of·plaintiff's claim, and deposited in court the amount of the price received by him from *Frisby* for the slave *John,* with interest and costs to the day of deposit.

Judgment was rendered in favor of plaintiff against defendant for the slave, and in favor of defendant against *Frisby* and *Kinney,* as warrantors, for the price paid ; reserving to defendant and *Frisby* their claims for hire and damages. The defendant alone has appealed, both as against plaintiff and the two warrantors.

The case is before us upon a bill of exceptions to the ruling of the district court, which rejected the testimony of two witnesses offered by defendant to prove that no price was paid for the slave *John* to *Kinney* as declared in the conveyance of the 19th June, 1849.

Evidence was received without objection that the possession of the slave remained in *Kinney* after the conveyance to *Harper,* and down to the date of the conveyance to *Frisby ;* as alleged in the supplemental answer of defendant ; and under such a state of facts, the burthen of proof was thrown upon plaintiff to show that the sale was *bona fide.* C. C. 1915.

The unity of the enunciation in the bill of sale, that the price had been paid, was expressly. put at issue by the pleadings. The defendant was not estopped from contesting the truth of this enunciation, in consequence of his title being derived from the same vendor ; for this is the very case provided in the Article of the Code above quoted. If, then, it was incumbent on plaintiff to sustain his deed by additional proof, under the circumstances, it was surely competent for the defendant to introduce proof contradicting that enunciation and supporting the presumption arising, in law, from the want of tradition of the thing sold.

The appellant has filed in this court a plea of prescription, based upon Article 3444 of the Code. But this prescription is suspended in the present case by the minority of *Sidney Prieur Harper,* who is not yet of age. C. C. 3488.

It is, therefore, adjudged and decreed, that the judgment of the district court be reversed, and that the cause be remanded for a new trial, with instructions to the judge not to reject the testimony of competent witnesses, to prove that the price of the sale from *David Kinney* to the minor, *Harper,* of the slave *John,* dated 19th June, 1849, was not in fact paid ; and further, that appellees pay the costs of appeal.

SPOFFORD, J., took no part.